MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
aviles.associates_gmail.com

Attorney for Plaintiff
SERGIO CASILLAS RAMIREZ

## UNITED STATES DISTRICT COURT,

## CENTRAL DISTRICT OF CALIFORNIA.

| | |
|---|---|
| SERGIO CASILLAS RAMIREZ, | Case No.: EDCV13-00573-JFW(SPx) |
| Plaintiff, | NOTICE OF MOTION TO VACATE JUDGMENT UNDER FEDERAL RULE OF CIVIL PROCEDURE 59(e) OR IN THE ALTERNATIVE FEDERAL RULE OF CIVIL PROCEDURE 60(b), MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, AND DECLARATION OF MOISES A. AVILES. |
| v. | |
| COUNTY OF SAN BERNARDINO, a political subdivision, ROD HOOPS, as Sheriff in his official and individual capacities, WILLIAM CHAMPIN, as Sheriff's Deputy in his official and individual capacities, D. PATTON, as Sheriff's Deputy in his official and individual capacities, EDWARD FINNERAN as Sheriff's Deputy in his official and individual capacities, JIM ORR, as Private Investigator, RECORDING INDUSTRY ASSOCIATION OF AMERICA, business form unknown, and DOES 1-10, inclusive, | Motion Date: Aug. 19, 2013. Time: 1:30 p. m. Room: 16. |
| Defendants. | |

   TO THE ABOVE NAMED DEFENDANTS, AND TO DANA ALDEN FOX,
BARRY HASSENBERG, AND DAWN M. FLORES-OSTER, THEIR ATTORNEYS
OF RECORD:

///

Motion to Vacate Judgment -Ramirez v. County of San Bernardino

- 1

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

NOTICE IS HEREBY GIVEN that on August 19, 2013, at 1:30 p. m., or as soon thereafter as the matter may be heard in Room 16 of the above-entitled Court, located at 312 N. Spring St., Los Angeles, California, Plaintiff Sergio Casillas Ramirez will move the Court to vacate the Judgment under Federal Rule of Civil Procedure 59(e), or in the alternative, Federal Rule of Civil Procedure 60(b).

This Motion is based on the fact that Plaintiff's Second Amended Complaint was appropriately filed as an amended complaint filed of course under Federal Rule of Civil Procedure 15(a)(1), and properly superseded the First Amended Complaint, making the Motion to Dismiss, filed May 22, 2013, moot, and that a newly decided Federal case and a newly decided State case would bar granting a Motion to Dismiss without leave to amend. In the alternative, Plaintiff attempted to file the Second Amended Complaint based on the fact that the Plaintiff previously obtained leave to file the First Amended Complaint, and still believed that he still had the right to file an amended complaint filed of course, but through carelessness, attempted to file the Second Amended Complaint anyway.

///
///
///
///
///
///
///
///
///
///
///

Motion to Vacate Judgment -Ramirez v. County of San Bernardino

- 2

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

The Motion will be based on this Notice of Motion, the Memorandum of Points and Authorities attached hereto, the Declaration of Moises A. Aviles attached hereto, the entire court file in this action, and upon such further or different oral and written matters as may be presented prior to or at the time of the hearing on this motion.

This Motion is made following the service of the meet and confer letter pursuant to Central District of California Local Rule 7-3 which was served on opposing counsel on July 16, 2013, and attached as Exhibit "A", and incorporated by reference.

Dated this 17th day of July, 2013

By:/S/MOISES A. AVILES
MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
aviles.associates_gmail.com
Attorney for Plaintiff
SERGIO CASILLAS RAMIREZ

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

## MEMORANDUM OF POINTS AND AUTHORITIES.

## I.   THE JUDGMENT MAY BE VACATED UNDER FEDERAL RULE OF CIVIL PROCECURE 59(a), OR IN THE ALTERNATIVE, UNDER FEDERAL RULE OF CIVIL PROCECURE 60(b).

Federal Rule of Civil Procedure 59(e) states that:

> "(e) MOTION TO ALTER OR AMEND A JUDGMENT. A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."

Federal Rule of Civil Procedure 60(b) further states that:

> "(b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> "(1) mistake, inadvertence, surprise, or excusable neglect;

> "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

> "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

> "(4) the judgment is void;

> "(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

> "(6) any other reason that justifies relief."

The case of *Allstate Ins. Co. v. Herron,* 634 F.3d 1101, 1111 (9th Cir. 2011), also states that:

> "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."

///

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

## II.    THE DISTRICT COURT COMMITTED CLEAR ERROR BY 1) STRIKING THE SECOND AMENDED COMPLAINT FILED OF COURSE, AND 2) THEN DISMISSING THE ACTION, WHEN THE SECOND AMENDED COMPLAINT SHOULD HAD BEEN ACCEPTED AS "FILED" MAKING THE MOTION TO DISMISS MOOT.

Federal Rule of Civil Procedure 15(a)(1) states that:

"(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

"(A) <u>21</u> days after serving it, or

"(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under <u>Rule 12(b),(e),</u> or <u>(f)</u>, whichever is earlier."

Here, on June 12, 2013, Plaintiff attempted to file a Second Amended Complaint in this case. Plaintiff earlier stipulated to file a First Amended Complaint, and did not lose his right to file an Amended Complaint of course. The case of *McGee v. American Oriental Bioengineering,* U.S.D.C., Cen. Dist. Cal. Case No. CV12-5476-FMO(SHx), Doc. No. 97, pp. 1-2 (C. D. Cal. 2013), the Honorable Fernando M. Olguin, District Judge, explained that:

"… Moreover, a party has the right to amend the complaint 'once as a matter of course[.]' Fed. R. Civ. P. 15(a)(1). A Rule 12(b)(6) motion is not a responsive pleading (but see subdivision (B) above) and therefore Plaintiff might have a right to amend. *See, e.g., St. Michael's Convalescent Hosp. v. California,* 643 F.2d 1369, 1374 (9th Cir. 1981); *Nolen v. Fitzharris,* 450 F.2d 958, 958 (9th Cir. 1971). Even after a complaint has been amended or a responsive pleading has been served, the Federal Rules of Civil Procedure provide that '[t]he court should freely give leave [to amend] when justice so requires.' Fed. R. Civ. P. 15(a)(2). The Ninth Circuit requires that this policy favoring amendment be applied with 'extreme liberality.' *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990)."

In its per curiam opinion, the Ninth Circuit court discussed at length these principles. *See Eminence Capital v. Aspeon, Inc.,* 316 F.3d at 1051–52. The court described that the policy behind Rule 15(a) should be "applied with extreme liberality."

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

*Id.* at 1051(quoting *Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990)). It also listed the factors laid out in *Foman v. Davis,* acknowledging that potential prejudice on the opposing party carries greater weight than the other factors. *See id.* at 1052 ("Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend.").

The case of *Mayes v. Leipziger,* 729 F.2d 605 (9th Cir. 1984), explains that:

> In *Worldwide Church of God, Inc. v. State of California,* 623 F.2d 613, 616 (9th Cir.1980), we said that 'a party may, as a matter of right, amend its complaint once before the filing of a "responsive pleading" or the entry of final judgment following dismissal of its action.' In *Worldwide Church,* as here, no final judgment was entered. Similarly, in *Nolen v. Fitzharris,* 450 F.2d 958 (9th Cir.1971), defendants filed no responsive pleading prior to their motion to dismiss for failure to state a claim. The district court granted the motion to dismiss the action without leave to amend. After noting Rule 15(a) and the absence of responsive pleading, we stated: In their memorandum briefs filed in the district court, plaintiffs indicated that they wished to file an amended complaint."

There is nothing in Federal Rule of Civil Procedure 15 that bars an Amended Complaint after leave to amend was previously allowed and exercised. A Plaintiff still has the ***right,*** not an allowance or privilege, to file an amended complaint as a matter of course.

In *Federal Practice & Procedure,* Wright, Miller, & Kane, p. 664, §1482, it stated that:

> "If a party erroneously moves for leave to amend before the time for amending as of course has expired, several courts have held that the amendment should not be handled as a matter addressed to the court's discretion but should be allowed as of right. [Footnote omitted.]"

In light of cases such as *Mayes* and *Worldwide Church,* it can be argued under Wright and Miller's treatise that an amended complaint may be filed again after leave to amend was already granted, but within the time limits of Federal Rule of Civil Procedure

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

15(a)(1); the case of *Thompson v. Jiffy Lube Internat'l, Inc.,* 505 F.Supp.2d 907, 913 (D. Kan. 2007), also states that:

> "Plaintiffs have already amended their complaint once; however, they requested and received leave of the Court. (Doc. 35). Are Plaintiffs still entitled to amend as a matter of course? The authority on this issue is divided; however, the plain language of the Rule persuades the Court that Plaintiffs are still entitled to amend their pleading under Rule 15. Plaintiffs have not yet amended as a matter of course and no responsive pleading has been filed. See *Nicely v. U.S. Steel Corp.,* 574 F.Supp. 184, 185 (D.C.Pa.1983);…"

As stated earlier, nothing in Federal Rule of Civil Procedure 15 bars an Amended Complaint after leave to amend was previously allowed and exercised. Plaintiff had a right to file a Second Amended Complaint.

**III.   BECAUSE OF AT LEAST ONE FEDERAL CASE, AND ONE STATE CASE, THE ACTION STILL STATES A CLAIM FOR RELIEF IN LIGHT OF THE FACT THAT THE COUNTY DEFENDANTS BEAT AND TASED PLAINTIFF AFTER STOPPING HIM IN HIS DRIVEWAY WITHOUT ANY PROBABLE CAUSE FOR A MURDER HE CLEARLY WAS NOT INVOLVED WITH.**

Since this case was erroneously dismissed on June 19, 2013, one Federal case, and two State cases were handed down allowing civil rights cases, like Plaintiff's, to go forward. It is Plaintiff's position that there should be no urgency to dismiss without determining whether the First or Second Amended Complaint stated a cause of action.

It should be noted that on December 15, 2011, Plaintiff was parked on his property (FAC ¶19). Instead of merely asking him questions about the nonexistent "murder" or arresting Plaintiff, they maliciously beat and tase Plaintiff (FAC ¶20). After finding a bunch of CD's, they then charge Plaintiff with "having counterfeit CD's" (FAC ¶21).

///

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

After filing his tort claim on June 12, 2012 (FAC ¶31), which the County rejected that claim (FAC ¶32), they re-arrest the Plaintiff on August 8, 2012 (FAC ¶25). The main reason Plaintiff was probably re-arrested was because of the case of *Mendoza v. City of West Covina* (Cal. App. 2 Dist. 2012) 206 Cal.App.4th 702, 716, 719, 141 Cal.Rptr.3d 553, in that the California Court of Appeal ruled that since 2007 that there was no qualified immunity for beating a compliant suspect. The Court of Appeal ruled in *Mendoza* that:

> "By contrast, numerous federal court decisions made it clear *before 2007* that using various types of force, including tasers, on a compliant, nonresistant suspect violated clearly established constitutional rights. We begin with two pepper spray cases. First is *LaLonde v. County of Riverside* (9th Cir. 2000) 204 F.3d 947 (*LaLonde*) where the plaintiff, who had initially resisted a legitimate arrest, was pepper sprayed and then suffered a back injury when the officers handcuffed him. The plaintiff complained that the officers failed to help him rinse the pepper spray from his eyes after he was subdued, and that the force used to cuff him was excessive. In reversing a pretrial ruling that awarded judgment to the defendants on the ground of qualified immunity, the *LaLonde* court held that there was sufficient evidence for a jury to determine whether excessive force had been used.

> "…

> "Finally, there is *Drummond, supra,* 343 F.3d 1052 which involves comparable physical force to what happened here – handcuffed suspect, on his stomach, officer applying pressure on suspect's back. The plaintiff in that section 1983 action was the guardian of a mentally ill man who ended up in an irreversible coma from compression asphyxia when police officers who wanted to hold him for transport to a mental health facility knocked him to the ground and kneeled on his back and neck. The Ninth Circuit partially reversed a summary judgment for the defendants on the qualified immunity issue, holding that such force was excessive, and, because the man was compliant and had complained about his breathing, violated a clear constitutional right. (*Id.* at pp. 1061-1062.)

> "When the factual settings and principles of these decisions are tied together, they show that as of March 2007, Mendoza had a clearly established constitutional right to be free from being tasered, punched, and pinned so hard on his stomach that he asphyxiated from any point at which he was compliant and not resistant. As we have already observed, appellants have ignored all the evidence in the record that would support such a finding."

///

Motion to Vacate Judgment -Ramirez v. County of San Bernardino

- 8

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

Plaintiff sued in his First Amended Complaint for relief under 42 U.S.C. §1983, and State Causes of Action for Battery, False Imprisonment, Invasion of Privacy, Negligence, Intentional Infliction of Emotional Distress, and §§51.7 and 52.1 of the Unruh Civil Rights Act. Because the individual Deputies would not be entitled to qualified immunity for beating and tasing Plaintiff under *Mendoza,* Plaintiff's First Amended Complaint should still state a cause of action, except for False Imprisonment and Civil Code §51.7.

The case of *Barnard v. Theobald,* cdn.ca9.uscourts.gov/datastore/opinions/2013/07/01/11-16655.pdf, at pp. 15-16 (9th Cir. 2013), explains that:

"The Officers' alternative argument fares no better. At bottom, the Officers claim that if Charles was actually resisting, or if the Officers could have reasonably believed that he was resisting, then the Officers are entitled to qualified immunity as a matter of law. Completing the Officers' syllogism, the Officers must be entitled to qualified immunity because the jury specifically found that 'the officer Defendants [made] a reasonable mistake of fact that [Charles] was forcibly resisting arrest.'

"The Officers are simply mistaken in their understanding of the law. Resistance, or the reasonable perception of resistance, does not entitle police officers to use *any* amount of force to restrain a suspect. *See LaLonde v. Cnty. of Riverside,* 204 F.3d 947, 959 (9th Cir. 2000) ('[I]f the extent of the injury to [plaintiff's] back is serious enough, a jury could conclude that [the officer] used force in excess of what was reasonable, even if [plaintiff] had been resisting at the time.'); *see also Santos,* 287 F.3d at 853 ('[E]ven where some force is justified, the amount actually used may be excessive.'). Rather, police officers who confront actual (or perceived) resistance are only permitted to use an amount of force that is *reasonable* to overcome that resistance. [Footnote omitted.] Here, the jury concluded that the amount of force used by the Officers was unreasonable, even in light of their mistaken belief that Charles was resisting. [Footnote omitted.]"

///

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

Here, Plaintiff was injured due to the following facts:

1. There was no warrant against Plaintiff.

2. Plaintiff was not involved in any "murder".

3. Plaintiff was minding his own business going home.

4. The Deputies ganged up and beat and tased Plaintiff for no reason on his driveway.

5. The Deputies lacked probable cause to look for CD's or any other property.

6. Plaintiff's hands were tested for gun residue, which no residue was found.

7. Plaintiff spent 15 days in custody after the illegal arrest without seeing a Judge within 48 hours.

Plaintiff was also injured under Civil Code §52.1. Since Plaintiff was not involved in a "murder" the Deputies made up, there was absolutely no reason to beat up Plaintiff. The case of *Bender v. County of Los Angeles* (Cal. App. 2 Dist. 2013) courts.ca.gov/opinions/documents/B236294.PDF, at pp. 9-10, 11-12, explains that:

> "Defendants contend, as a matter of law, Fourth Amendment rights are not among the constitutional rights protected by the Bane Act, unless some other constitutional right is violated at the same time. They reason a defendant cannot 'interfere by threats, intimidation, or coercion' with a plaintiff's Fourth Amendment right to be free from an unreasonable seizure, because 'coercion is inherent' in any unlawful seizure. For this proposition, they rely on *Shoyoye v. County of Los Angeles* (2012) 203 Cal.App.4th 947 (*Shoyoye*), as well as on several federal district court cases. But defendants have fundamentally misread *Shoyoye,* which in no way suggests an unlawful arrest – when accompanied by unnecessary, deliberate and excessive force – is not within the protection of the Bane Act. [Footnote omitted.]

> "Before discussing *Shoyoye* and the federal cases on which defendants rely, we begin with some background. The Bane Act was enacted in response to the increasing incidence of hate crimes in California. (Stats. 1987, ch. 1277, § 3, p. 4544; *see Jones, supra,* 17 Cal.4th at p. 338.) But in *Venegas v. County of Los Angeles* (2004) 32 Cal.4th 820, 843 (*Venegas*), the

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

Supreme Court clarified the Bane Act is not limited to hate crimes, and plaintiffs were not required to show 'that County or its officers had a discriminatory purpose in harassing them . . . .'

"In *Venegas*, the Supreme Court held: "[P]laintiffs in this case have alleged unconstitutional search and seizure violations extending far beyond ordinary tort claims. All we decide here is that, in pursuing relief for those constitutional violations under section 52.1, plaintiffs need not allege that defendants acted with discriminatory animus or intent, so long as those acts were accompanied by the requisite threats, intimidation, or coercion. The Court of Appeal was correct in holding that plaintiffs adequately stated a cause of action under section 52.1." [Footnote omitted.] (*Venegas, supra,* 32 Cal.4th at p. 843.)

"The defendants in *Venegas* did not make the argument defendants raise here: that the Bane Act does not apply because coercion is inherent in an unlawful arrest. No California case supports that proposition, and the federal district court cases defendants cite use broad language that does not apply to the circumstances here or is not supported by the California authorities cited. We conclude defendants' contention has no merit.

"…

"Here, there clearly *was* a showing of coercion separate and apart from the coercion inherent in an unlawful arrest. Deputy Sorrow wrongfully detained and arrested plaintiff, because he had no probable cause to believe plaintiff had committed any crime. But, in addition, Deputy Sorrow deliberately and unnecessarily beat and pepper-sprayed the unresisting, already handcuffed plaintiff. That conduct was not the coercion that is inherent in a wrongful arrest. In *Shoyoye*, by contrast: "Any intimidation or coercion that occurred was simply that which is reasonable and incident to maintaining a jail. (*Shoyoye, supra*, 203 Cal.App.4th at p. 961 [county "coerced [Shoyoye] to remain incarcerated," but there was "no evidence that Shoyoye was treated differently than other inmates who were lawfully incarcerated"].)"

///

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

In this case, Plaintiff's rights were violated due to the beating and tasing. Because Plaintiff attempted to file a Second Amended Complaint does not mean he was waived to file an Opposition to the Motion to Dismiss. The Motion to Dismiss ignores that Plaintiff was brutally beaten. Standing alone, not only were Plaintiff's rights were violated, none of the Deputies would be entitled to qualified immunity under 42 U.S.C. §1983, but his State Causes of Action for Battery, Invasion of Privacy, Negligence, Intentional Infliction of Emotional Distress, and §52.1 of the Unruh Civil Rights Act would each state a claim for relief. Plaintiff requests that those Causes of Action be allowed in the First or Second Amended Complaint, or, in the alternative and if the First Cause of Action is still dismissed, that his State Causes of Action for Battery, Invasion of Privacy, Negligence, Intentional Infliction of Emotional Distress, and §52.1 of the Unruh Civil Rights Act be remanded back to State Court.

**IV.    IN THE ALTERNATIVE, AND IN THE EVENT THAT THE SECOND AMENDED COMPLAINT WAS "IMPROPER", THE DISMISSAL WAS A RESULT OF EXCUSABLE NEGLECT BASED ON THE STATE OF THE LAW AT THE TIME THE SECOND AMENDED COMPLAINT WAS PRESENTED FOR FILING.**

In discussing Rule 60 the Ninth Circuit Court of Appeal has stated that this rule, like all the Federal Rules of Civil Procedure, "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." *Rodgers v. Watt,* 722 F.2d 456, 459 (9th Cir. 1983) (internal citations omitted.)

To determine whether a party's failure to meet a deadline constitutes "excusable neglect," courts must apply a four factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 395

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

(1993); *Briones v. Riviera Hotel & Casino,* 116 F.3d 379, 381 (9th Cir. 1997) (adopting this test for consideration of Rule 60(b) motions).

The case of *Ahanchian v. Xenon Pictures, Inc.,* 624 F.3d 1253 (9th Cir. 2010), explains that:

> "The district court's errors are particularly troublesome because our application of the correct equitable analysis convinces us that Ahanchian's delay was the result of excusable neglect. *See Bateman,* 231 F.3d at 1224 & n.3. We start by recognizing that 'Rule 60(b) is ***remedial in nature and . . . must be liberally applied.***' *TCI Group Life Ins. v. Knoebber,* 244 F.3d 691, 696 (9th Cir. 2001) (quoting *Falk v. Allen,* 739 F.2d 461, 463 (9th Cir. 1984)). With this standard in mind, we conclude that all four *Pioneer/Briones* factors favor Ahanchian. First, the defendants would not have been prejudiced by a week's delay in the filing of the opposition and a concomitant week extension to file a reply. At most, they would have won a quick but unmerited victory, the loss of which we do not consider prejudicial. *Cf. Bateman,* 231 F.3d at 1225 (finding insufficient prejudice where defendants 'would have lost a quick victory and, should it ultimately have lost the summary judgment motion . . . would have to reschedule the trial date'). Second, the length of the delay was a mere three days; filing the opposition then would not have adversely affected either the summary judgment hearing date, which was ten days away, or the trial, which was two and a half months away. Compare id. (finding a delay of over a month 'not long enough to justify denying relief'). Third, while a calendaring mistake caused by the failure to apply a clear local rule may be a weak justification for an attorney's delay, we have previously found the identical mistake to be excusable neglect. *See, e.g., Pincay,* 389 F.3d at 860. In fact, in *Bateman,* the attorney's reasons for his nearly month-long delay, the need to recover from jet lag and to review mail, were far less persuasive. Yet, we concluded that excusable neglect was established. *Bateman,* 231 F.3d at 1225. Fourth, there is no indication that Ahanchian's failure to file the opposition on time was the result of bad faith. Ahanchian's counsel displayed his (mistaken) belief that the oppositions were due on September 4, 2008, in his initial request for an extension of time. Thus, his reliance on the calendaring mistake was not a bad-faith, post-hoc rationalization concocted to secure additional time. Ahanchian's counsel had no history of missing deadlines or disobeying the district court's orders; in fact, he demonstrated a sensitivity to the court's orders and deadlines by promptly seeking extensions of time where necessary. We have found good faith in situations where attorneys acted far less diligently and conscientiously. See id. ('[Counsel] showed a lack of regard for his client's interests and the court's docket. But there is no evidence that he acted with anything less than good faith.')." (Emphasis added.)

The case of *Bateman v. U. S. Postal Service,* 231 F.3d 1220 (9th Cir. 2000), further explains that:

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

"In Briones, 116 F.3d at 381, we noted that Pioneer changed our law on excusable neglect. Before Pioneer, we had held that 'ignorance of court rules does not constitute excusable neglect' and had applied a per se rule against the granting of relief when a party failed to comply with a deadline. See Briones, 116 F.3d 381, 382. After Pioneer, however, we recognized that the term covers cases of negligence, carelessness and inadvertent mistake. See id. at 381. We also adopted the equitable test articulated in Pioneer to determine whether neglect is 'excusable' under Rule 60(b)(1). See id. We stated that the factors recited in Pioneer were not exclusive, but that they 'provide a framework with which to determine whether missing a filing deadline constitutes "excusable" neglect.' Id."

Here, in evaluating the four factors, this Motion should be granted based on these facts:

1. Prejudice. Defendants believe that this case is a "quick victory" when, if reversed, Defendants would not be entitled to qualified immunity. *Mendoza v. City of West Covina* (Cal. App. 2 Dist. 2012) 206 Cal.App.4th 702, 716, 719, 141 Cal.Rptr.3d 553; *Barnard v. Theobald,* cdn.ca9.uscourts.gov/datastore/opinions/2013/07/01/11-16655.pdf, at pp. 15-16 (9th Cir. 2013).

2. Length of delay. Nine days from the Motion to Dismiss deadline and the attempt to file the Second Amended Complaint.

3. Reason for the delay. In the event that the filing of the Second Amended Complaint was barred by the leave to amend by stipulation of the First Amended Complaint, and Federal Rule of Civil Procedure 15(a)(1), then it was carelessness on the part of Plaintiff's counsel, which is excusable neglect under *Ahanchian,* since, unlike *Ahanchian,* Federal Rule of Civil Procedure 15(a)(1) is itself not clear after leave to amend was previously granted.

4. Lack of bad faith. In the event that Part I of this Motion is not well taken, the interpretation was erroneous and careless, but not a willful attempt to violate the Federal Rules of Civil Procedure. Wright & Miller's treatise on Federal Rule of Civil Procedure 15(a)(1) has not been adopted by the Ninth Circuit.

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

Because the Rule was not clear, the carelessness alone should be factor in granting the Motion.

Plaintiff's Motion, whether either under Federal Rule of Civil Procedure 59(e), or 60(b) should be granted. Any interpretation of law, or carelessness should not be imputed on Plaintiff per se, since a trial on the merits is preferred over a forfeiture.

## V. CONCLUSION.

Plaintiff requests that this Motion be granted and:

1. That the Judgment be vacated, and that Plaintiff be allowed to file a Second Amended Complaint;

2. That the Judgment be vacated, and that Plaintiff be allowed to file an Opposition to the Motion to Dismiss within 14 days; or,

3. That the Judgment be vacated on the State Causes of Action, and that the Causes of Action for Battery, Invasion of Privacy, Negligence, Intentional Infliction of Emotional Distress, and §52.1 of the Unruh Civil Rights Act be remanded back to State Court.

Dated this 17th day of July, 2013

By:/S/MOISES A. AVILES
MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
aviles.associates_gmail.com
Attorney for Plaintiff
SERGIO CASILLAS RAMIREZ

Motion to Vacate Judgment -Ramirez v. County of San Bernardino

- 15

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

## DECLARATION OF MOISES A. AVILES.

I, Moises A. Aviles, declare that:

1. I am the attorney for Plaintiff in the above-entitled action, and I am a Member of the Bar of this Court in good standing. If I am called to testify, I would competently and truthfully testify under oath.

2. On or about June 3, 2013, I made the decision based on the erroneous and carelessness of my staff to not file an Opposition to the Motion to Dismiss and wait until June 12, 2013, to attempt to file a Second Amended Complaint. Based on the carelessness of the staff member who researched Federal Rule of Civil Procedure 15, whose faulty analysis I relied on, it was clear that a party may file an Amended Complaint of course, but the Rule was silent as to whether leave was previously granted by stipulation and the First Amended Complaint was thus filed. In this case, the Rule and the Advisory Comment was not clear. If it was the rule of this Court that Plaintiff could not file an Amended Complaint as a matter of course after the filing of the First Amended Complaint, then it was carelessness and excusable neglect on my part, since the Rule was not very clear.

3. This motion is timely in that as soon as I became aware that these actions are pending against my clients, I promptly sought equitable relief from a Dismissal.

///
///
///
///
///

Motion to Vacate Judgment -Ramirez v. County of San Bernardino

- 16

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

4.  My client was not responsible for the errors by my staff. It is the law that this Action be tried instead of a forfeiture that was not the result of my client.

Under the penalty of perjury under the laws of the State of California, I declare that the foregoing is true and correct, and that this declaration was executed on July 17, 2013, at San Bernardino, California.

/S/MOISES A. AVILES _____
MOISES A. AVILES,
Declarant.

Motion to Vacate Judgment -Ramirez v. County of San Bernardino

- 17

MOISES A. AVILES (226569)
AVILES & ASSOCIATES
560 N. Arrowhead Av., #2A
San Bernardino, CA., 92401
TEL.: (909) 383-2333
FAX: (909) 383-9550
maviles1231_aol.com

# Aviles & Associates
## Attorneys at Law

**MAIN**
THE LAW BUILDING
560 N. ARROWHEAD AVE., STE. 2A
SAN BERNARDINO, CA 92401
(909) 383-2333 (OFFICE)
(909) 383-9550 (FAX)

**E-MAIL:**

July 16, 2013

Dana Alden Fox
Barry Hassenberg
Dawn M. Flores-Oster
Lewis Brisbois Bisgaard & Smith LLP
221 N. Figueroa St., #1200
Los Angeles, CA., 90012
TEL.: (213) 250-1800
FAX: (213) 250-7900

**Re: Meet and Confer Request pursuant to Rule 7-3 re filing Motion to Alter or Amend Judgment, or in the alternative, to Vacate Judgment in *Ramirez v. County of San Bernardino, et al.,* U. S. District Court, Central District of California Case No. EDCV13-00573-JFW(SPx).**

To Whom It May Concern:

I am requesting to meet and confer pursuant to Local Rule 7-3 so I may file a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), or in the alternative, a Motion to Vacate Judgment under Federal Rule of Civil Procedure 60(b).

I am making the motion for the following reasons:

1. I contend that Federal Rule of Civil Procedure 15(a)(1) would allow an amended complaint to be filed of course, even if leave to amend was previously granted and exercised.

2. There has been at least one new Federal case, and one new State case that would have bearing on whether a cause of action can still be stated.

3. I believed that the Second Amended Complaint would be accepted as filed. At the time that said Complaint was drafted, I had a good faith belief that the Second Amended Complaint would be filed. Otherwise, if I am wrong as to Part 1 above, I attest to excusable neglect as to carelessness on the part of my staff and I.

///

///

///

///

# Aviles & Associates
## Attorneys at Law

**MAIN**
THE LAW BUILDING
560 N. ARROWHEAD AVE., STE. 2A
SAN BERNARDINO, CA 92401
(909) 383-2333 (OFFICE)
(909) 383-9550 (FAX)

E-MAIL:

July 16, 2013

Dana Alden Fox
Barry Hassenberg
Dawn M. Flores-Oster
Lewis Brisbois Bisgaard & Smith LLP
221 N. Figueroa St., #1200
Los Angeles, CA., 90012
TEL.: (213) 250-1800
FAX: (213) 250-7900

**Re: Meet and Confer Request pursuant to Rule 7-3 re filing Motion to Alter or Amend Judgment, or in the alternative, to Vacate Judgment in *Ramirez v. County of San Bernardino, et al.,* U. S. District Court, Central District of California Case No. EDCV13-00573-JFW(SPx).**

To Whom It May Concern:

I am requesting to meet and confer pursuant to Local Rule 7-3 so I may file a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e), or in the alternative, a Motion to Vacate Judgment under Federal Rule of Civil Procedure 60(b).

I am making the motion for the following reasons:

1. I contend that Federal Rule of Civil Procedure 15(a)(1) would allow an amended complaint to be filed of course, even if leave to amend was previously granted and exercised.

2. There has been at least one new Federal case, and one new State case that would have bearing on whether a cause of action can still be stated.

3. I believed that the Second Amended Complaint would be accepted as filed. At the time that said Complaint was drafted, I had a good faith belief that the Second Amended Complaint would be filed. Otherwise, if I am wrong as to Part 1 above, I attest to excusable neglect as to carelessness on the part of my staff and I.

///

///

///

///

● Page 2                                                                July 16, 2013

Please respond to this letter due to the fact that the proposed Motion is due tomorrow under Federal
Rule of Civil Procedure 59(e).

Thank you very much.

Sincerely,

Moises A. Aviles,
Attorney for Plaintiff
Sergio Casillas Ramirez

MAA:hfr2

Aviles & Associates
Attorneys at Law
560 N. Arrowhead Avenue, Suite 2A
San Bernardino, CA 92401
Tel: (909) 383-2333
Fax: (909) 383-9550

## FAX COVER SHEET

**TO:**  Dana Alden Fox
Barry Hassenberg
Dawn M. Flores-Oster
Lewis Brisbois Bisgaard & Smith LLP

**FAX NUMBER:** [213] 250-7900

**FROM:** Moises A. Aviles, Esq.          **PAGES:** (03) including cover sheet.

**In Re:  Ramirez v. County of San Bernardino, et al., U. S. District Court, Central District of California Case No. EDCV13-00573-JFW(SPx).**

**DATE:**  July 16, 2013

**NOTE:**

The information attached hereto is specifically intended for the purposes of the party (ies) mentioned thereto and not intended for any other party for any other purposes nor intended for any third party. If you received this facsimile and its contents in error, please contact Law Offices of Aviles & Associates immediately.

TRANSMISSION VERIFICATION REPORT

```
                                    TIME  : 07/16/2013 11:57
                                    NAME  : AVILESANDASSOCIATES
                                    FAX   : 9093839550
                                    TEL   : 9093832333
                                    SER.# : J9J201051
```

```
    DATE,TIME              07/16  11:56
    FAX NO./NAME           12132507900
    DURATION               00:00:23
    PAGE(S)                03
    RESULT                 OK
    MODE                   STANDARD
                           ECM
```

RECEIVED 07/16/2013 17:40 9093839550 AVILESANDASSOCIATES
Jul-16-13 05:34pm From-LEWIS BRISBOIS BISGAARD & SMITH +1213 461 0821 T-457 P.002/003 F-950

## LEWIS
## BRISBOIS
## BISGAARD
## & SMITH LLP
ATTORNEYS AT LAW

221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Fax: 213.250.7900
www.lbbslaw.com

BARRY HASSENBERG
DIRECT DIAL: 213.580.3988
E-MAIL:

July 16, 2013

File No.
Pending

### VIA FACSIMILE

Moises A. Aviles, Esq.
AVILES & ASSOCIATES
560 North Arrowhead Ave. No. 2A
San Bernardino, CA 92401
Phone: (909) 383-2333
Fax: (909) 383-9550

      Re:    Ramirez v. County of San Bernardino, et al.
            EDCV 13-573 JFW(SP)

Dear Mr. Aviles:

We are in receipt of plaintiff's July 16, 2013 letter requesting to meet and confer pursuant to Local Rule 7-3 regarding plaintiff's Motion to Alter or Amend Judgment or, alternatively, Motion to Vacate Judgment. Defendants, County of San Bernardino, William Champin, Edward Finneran, Rod Hoops, and D. Patton (collectively as "defendants"), hereby respond to plaintiff's letter as follows.

First, plaintiff's meet and confer is deficient. As Local Rule 7-3 states, "counsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. *The conference shall take place at least seven (7) days prior to the filing of the motion.*" (Emphasis added.) Plaintiff's letter asserts his motion must be filed by July 17, 2013. Therefore, the meet and confer conference plaintiff now proposes must have been completed by July 10, 2013. Plaintiff did not comply with the Local Rule.

Second, your proposed motion does not satisfy the requirements under either FRCP 59(e) or FRCP 60(b).

There are four possible grounds for a Rule 59(e) motion: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) newly discovered or previously unavailable evidence; (3) to prevent manifest injustice; or (4) an intervening change in controlling law. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). None of these grounds is applicable here:

ATLANTA • BEAUMONT • CHARLESTON • CHICAGO • DALLAS • FORT LAUDERDALE • HOUSTON • LA QUINTA • LAFAYETTE • LAS VEGAS • LOS ANGELES • MADISON COUNTY
NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON

4815-1342-8756.1

Mr. Moises A. Aviles
July 16, 2013
Page 2

(1) There is no manifest error of law since plaintiff failed to seek leave to file an amended complaint as required under the plain language of FRCP 15(a). (2) There is no newly discovered or previously unavailable evidence. (3) Manifest injustice has "a very high bar" and is "an extraordinary remedy which should be used sparingly." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). Here, plaintiff chose not to seek relief to file an amended complaint under FRCP 15(a), and chose not to oppose defendants' motion. Local Rule 7-12 clearly provides the failure to oppose a motion may be deemed consent to granting the motion. The Court did not commit any error of law in dismissing the case. (4) There has been no intervening change in controlling law.

Likewise, under FRCP 60(b), the failure to abide by the rules of civil procedure does not constitute excusable neglect. See, e.g., *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, (9th Cir. 1975) (affirming denial of a Rule 60(b) motion where plaintiff's attorneys failed to file an answer because they did not understand the removal process).

Very truly yours,

/s
Barry Hassenberg
LEWIS BRISBOIS BISGAARD & SMITH LLP

4815-1342-8756.1

**LEWIS**
**BRISBOIS**
**BISGAARD**
**& SMITH LLP**
ATTORNEYS AT LAW

221 North Figueroa Street, Suite 1200
Los Angeles, California 90012
Telephone: 213.250.1800
Fax: 213.250.7900
www.lewisbrisbois.com

BARRY HASSENBERG                July 16, 2013
DIRECT DIAL: 213.580.3988
BARRY.'''

|     |                                              | Phone Number | Fax Number   |
|-----|----------------------------------------------|--------------|--------------|
| To: | Moises A. Aviles, Esq.<br>AVILES & ASSOCIATES |              | 909-383-9550 |

From:  Barry Hassenberg

Pages:  3 (including cover page)

Re:  Ramirez v. County of San Bernardino, et al.; EDCV 13-573 JFW(SP)

PLEASE CALL 213.250.1800 IMMEDIATELY IF THERE ARE ANY PROBLEMS WITH THIS TRANSMISSION.

The information contained in this facsimile message is intended only for the personal and confidential use of the designated recipients named above. This message may be an attorney-client communication, and as such, is privileged and confidential. If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail. Thank you.

ATLANTA • BEAUMONT • BOSTON • CHARLESTON • CHICAGO • DALLAS • DENVER • FORT LAUDERDALE • HOUSTON • LA QUINTA • LAFAYETTE • LAS VEGAS • LOS ANGELES • MADISON COUNTY
NEW ORLEANS • NEW YORK • NEWARK • ORANGE COUNTY • PHOENIX • SACRAMENTO • SAN BERNARDINO • SAN DIEGO • SAN FRANCISCO • SEATTLE • TAMPA • TEMECULA • TUCSON